NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2009
_____

UNITED STATES OF AMERICA

v.

RAHEEM HASAN CARNEY,
Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 1-15-cr-00019-001)
District Judge: Honorable David S. Cercone
_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2018

Before: MCKEE, AMBRO, and RESTREPO, Circuit Judges

(Opinion filed: March 30, 2018)
_____

OPINION*
_____

AMBRO, Circuit Judge

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Raheem Hasan Carney conditionally pled guilty to possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g) and 924(e) and possession with intent to distribute less than 100 grams of heroin under 21 U.S.C. § 841(a)(1) and (b)(1)(c). He appeals the District Court's denial of his motion to suppress on the basis that a warrant issued to search his residence was not supported by probable cause.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of a motion to suppress anew as to questions of law and for clear error as to the underlying facts. *United States v. Ritter*, 416 F.3d 256, 261 (3d Cir. 2005). We review the Magistrate Judge's issuance of the search warrant to determine whether there was "a 'substantial basis' for concluding that probable cause was present." *Id.* at 262 (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). While we exercise plenary review of the District Court's consideration of that question, *id.* at 261, we pay "great deference" to the Magistrate's original determination, *id.* at 264 (quoting *Gates*, 462 U.S. at 236).

A magistrate issuing a search warrant must make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place," and thus there is probable cause to search it. *Gates*, 462 U.S. at 238. Contrary to Carney's argument, the facts provided in the affidavit in this case were sufficient for probable cause.

The affidavit described that a confidential informant ("CI") told police she had illegally purchased cocaine at Carney's residence on several recent occasions and had

2

seen firearms there. The affiant, Pennsylvania State Trooper Troy Owen, stated he had arrested Carney at least twice in years past for drug-related offenses and knew he was a convicted felon not permitted to possess a firearm. According to the affidavit, within two days prior to the search warrant request, the CI performed a controlled drug buy at Carney's residence under careful surveillance of Pennsylvania State Troopers, who searched her and her vehicle both before and after she entered Carney's residence. The CI entered the residence with money provided by the Troopers and left with a baggie of cocaine. This information provided the Magistrate a substantial basis to grant the warrant to search Carney's residence.

Carney also argues that the Magistrate was misled by certain omissions from the affidavit in violation of *Franks v. Delaware*, 438 U.S. 154 (1978). He asserts the Magistrate should have been informed of the CI's previous conviction for theft by deception, that she had violated parole by purchasing drugs, and that she may have held hard feelings toward Carney because of a prior physical altercation with him. These facts might have undermined the CI's credibility in the eyes of the Magistrate—though the affidavit acknowledged that the CI had purchased cocaine recently, and "magistrate judges . . . often know, even without an explicit discussion of criminal history, that many confidential informants 'suffer from generally unsavory character' . . . ." *United States v. Avery*, 295 F.3d 1158, 1168 (10th Cir. 2002) (quoting *United States v. Novaton*, 271 F.3d 968, 985 (11th Cir. 2001)).

However, the CI's claims regarding Carney's drug dealing were also corroborated by the controlled buy at Carney's residence. The CI's credibility thus reasonably could

3

be considered either proven or irrelevant by a magistrate.  In short, even if the affidavit had contained the additional facts Carney argues were impermissibly excluded, the probable cause analysis would be no different.  *See Franks*, 438 U.S. at 156 (holding "the search warrant must be voided" only if the affidavit, as amended, "is insufficient to establish probable cause"); *see also United States v. Frost*, 999 F.2d 737, 743 (3d Cir. 1993) ("[W]here an omission, rather than a misrepresentation, is the basis for the challenge to the affidavit, a court should ask whether the affidavit would have provided probable cause if it had contained a disclosure of the omitted information.").

We therefore affirm.